Guy Gilbert Ribaudo, J.
The tenants should prevail and this proceeding dismissed.
The sense of the statute with respect to 20% of business space is to be construed in a practical and reasonable light. Where professional occupancy of premises, such as lawyers and doctors, carries with it the use of common rooms, it could hardly be said that there was a subletting of those common rooms as such, in the sense that subletting is used under the statute.
Basically, the tenants here occupied an office comprising 261 square feet; the waiting room, the hallway and bathroom, secretary space and the like were not sublet to them. They constituted merely incidents of the primary subletting of the office space. The application of a rule of reasonableness indicates that the actual office as to which there was possession was the office containing 261 square feet. As this is less than 20% of the entire space it is apparent that the standards set down by the statute do not apply.
It could hardly be contended in any sense that hallways, bathrooms and toilets are sublet, and as to them a tenancy created. If landlord’s contention were upheld it would not be the amount of space actually sublet and used as such which would be controlling but, rather, other space such as hallways, bathrooms, etc., as to which the use is permissive and merely incident to the subletting of the office space.
*157 More conclusive, however, is the fact that unlike 11 West 42nd St. v. Tower Leasing Co. (117 N. Y. S. 2d 17), this is a summary-proceeding seeking possession based upon the alleged falsity of the statement furnished by the tenants, landlord thereby claiming the statement to be tantamount to no statement and, hence, a willful disregard of the statute. These contentions are not borne out by the record. The landlord, if aggrieved by tenants’ statement, can test its accuracy by proceeding as in Tower Leasing Co. (supra) to have the rent fixed in accordance with the statutory formula. (Business Rent Law, § 4, subd. 4, par. [a]; L. 1945, ch. 314, as amd.) Upon such proceeding all of the landlord’s rights under the statute would be fully protected.
The court finds that the statement furnished by tenants was not willfully false, or even “grossly” inaccurate as claimed by the landlord. Hence, no ground to recover possession under section 8 (subd. [b], par. [3]) of the Business Bent Law has been established.
Proceeding is dismissed.